IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00747-MSK-KLM

KELLY DALCOUR, and
JURITA AVRIL,

    Plaintiffs,

v.

CITY OF LAKEWOOD,
RON BURNS,
JENNIFER GILLESPIE,
MICHELLE JORDAN,
MARISSA CORDOVA,
JOHN GRIFFITH,
JAMES R. JONES,
KRISTOPHER DEROEHN,
SCOTT WEICHERT,
PATRICIA BUDDY, and
SHANNON MARTINEZ,

    Defendants.
_____

**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO STAY**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Motion to Stay Pending Immunity Determination from Defendant Michelle Jordan** [Docket No. 26; filed May 21, 2008]; and **Defendant Patricia Buddy's Motion to Stay Discovery** [Docket No. 32; Filed June 2, 2008] (collectively, the "Motions"). Defendants Jordan and Buddy (collectively referred to throughout this Order as "Defendants") move to stay discovery as to all claims against them on the basis of their pending Motions to Dismiss [Docket Nos. 24 & 35], which assert the defense of qualified immunity. The Motions to Dismiss have not been referred to this Court. Plaintiffs filed responses in opposition to the Motions on June 12, 2008 and July 9,

2008, respectively [Docket Nos. 47 & 60].  The Motions have now been briefed and are ready for resolution.

IT IS HEREBY **ORDERED** that the Motions are **GRANTED in part and DENIED in part** for the reasons set forth below.

Although a stay of discovery is generally disfavored, the Court has broad discretion to stay an action while a Motion to Dismiss is pending pursuant to Fed. R. Civ. P. 26 (c). *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished decision).  Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."  8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a stay is generally appropriate here.  *See String Cheese,* 2006 WL 894955, at *2.  The Court balances Plaintiffs' desire to proceed expeditiously with their case against the burden on Defendants of going forward.  *Id.*  There can be no doubt that Plaintiffs have an interest in proceeding expeditiously, but their interest is offset by Defendants' burden.  Here, Defendants filed Motions to Dismiss the claims against them, in part, on the grounds of qualified immunity.  Courts have routinely held that discovery should be stayed while the

issue of immunity is being resolved.  *See generally Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Weise v. Caspar*, 507 F.3d 1260, 1263-64 (10th Cir. 2007); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992); *see also Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending).  On balance, the Court finds the potential harm to Plaintiffs of a stay is outweighed by the burden on Defendants resulting from conducting and responding to discovery while their Motions to Dismiss are pending.  The Court also notes that the remaining *String Cheese* factors, i.e., the Court's efficiency, and interests of nonparties and the public in general, do not outweigh Defendants' burden here given their pending immunity defenses.  *See String Cheese*, 2006 WL 894955, at *2.

However, the mere pendency of a Motion to Dismiss on the grounds of immunity does not entitle Defendants to a complete and indefinite stay of all discovery directed to them in this case.  The Court considers whether to limit the stay by allowing Plaintiffs to seek discovery from Defendants:  (1) regarding Plaintiffs' claims against Defendants in their official capacities; and (2) regarding their claims for declaratory and injunctive relief.  *See Rome v. Romero*, 225 F.R.D. 640, 643-45 (D. Colo. 2004).

As to the first consideration, it may be reasonable to allow discovery against Defendants to the extent that there are contested facts regarding the underlying incident which forms the basis of Plaintiff's claims against the City of Lakewood and the individually-named Defendants.  However, because the pending dispositive motions are motions to dismiss rather than motions for summary judgment, and Plaintiffs' ability to respond to those motions does not depend upon discovery, the Court finds that discovery against

3

Defendants as it relates to claims against them in their official capacity is not warranted.[1] This recognition is consistent with *Rome* in that although the Court contemplated discovery during the pendency of a stay against the individual defendants' who were also being sued in their official capacities, such discovery appeared to be limited to contested facts at issue in the pending motion for summary judgment. *See id.* at 643-44. Further, to the extent that Plaintiffs seek information related to their claims against Defendants in their official capacities, nothing prevents Plaintiff from seeking discovery from the City of Lakewood, other Defendants, or third parties. Accordingly, to the extent that the Motions seek a stay of discovery as to claims brought against Defendants Jordan and Buddy in their official capacities, the Motions are **granted**.

As to the second consideration, Defendants' qualified immunity defenses only shield them from discovery related to claims for monetary damages. *See id.* at 643. As such, "discovery requests . . . relating to any claim for declaratory or injunctive relief . . . are properly made" during the pendency of the stay. *Id.* at 645. The Court does not prejudge the type of discovery Plaintiffs may propound, but notes that they must strictly limit their discovery requests to Defendants Jordan and Buddy to issues related to their claims for declaratory and injunctive relief. Accordingly, to the extent that the Motions seek a stay of discovery as to claims related to declaratory or injunctive relief asserted against Defendants Jordan and Buddy, the Motions are **denied**.

IT IS **ORDERED** that discovery is **STAYED** as between Plaintiff and Defendants Jordan and Buddy **pending the District Court's determination on the Motions to**

---

[1] Indeed, the Court notes that the Motions to Dismiss have been briefed by Plaintiffs without the benefit, or the apparent necessity, of discovery [Docket Nos. 45 & 61].

**Dismiss**, **except that Plaintiff is entitled to seek discovery from these Defendants related to their claims for declaratory and injunctive relief**.  Discovery is not stayed in any fashion as between Plaintiff and the other named Defendants.  Moreover, any discovery related to the underlying incident or the official capacity claims can be properly sought against the City of Lakewood, other Defendants, or third parties during the pendency of the stay.

Dated:  July 11, 2008

                                                BY THE COURT:

                                                s/ Kristen L. Mix
                                                U.S. Magistrate Judge
                                                Kristen L. Mix