IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00747-MSK-KLM

KELLY DALCOUR, and
JURITA AVRIL,

    Plaintiffs,

v.

CITY OF LAKEWOOD,
RON BURNS,
JENNIFER GILLESPIE,
MICHELLE JORDAN,
MARISSA CORDOVA,
JOHN GRIFFITH,
JAMES R. JONES,
KRISTOPHER DEROEHN,
SCOTT WEICHERT,
PATRICIA BUDDY, and
SHANNON MARTINEZ,

    Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on nonparty Magistrate Judge Chris Voisinet's **Motion to Quash Subpoena Issued to Magistrate Judge Chris Voisinet** [Docket No. 68; Filed July 15, 2008] (the "Motion"). Plaintiffs filed a response on July 31, 2008 [Docket No. 80], and Magistrate Judge Voisinet filed a reply [Docket No. 82]. The Motion has now been fully briefed and is ripe for a resolution.

    Magistrate Judge Voisinet seeks to quash the subpoenas issued to him by Plaintiffs which call for testimony and documents regarding a protective custody order entered by him in a state custody proceeding. He argues that the subpoenas should be quashed

pursuant to Fed. R. Civ. P. 45(c)(3)(iii) because the subpoenas call for privileged or protected factual testimony and mental processes. *Motion* [#68] at 3-6; *Reply* [#82] at 2-3. Plaintiffs counter that they are entitled to seek information from Magistrate Judge Voisinet that led to his entry of the protective custody order, including what mental processes he usually undertakes in making such decisions. *Response* [#80] at 3-5. The Court finds Plaintiffs' arguments to be unpersuasive.

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**. There exists "a presumption against judicial testimony, which presumption warrants heightened scrutiny when a party seeks to require a judge to testify." *United States v. Roth*, 332 F. Supp. 2d 565, 568 (S.D.N.Y. 2004). While there is no outright ban on judicial testimony, factual testimony from a judge should only be elicited in narrow circumstances, such as when the judge "possess[es] factual knowledge . . ., and he [is] the only possible source of testimony on that knowledge." *United States v. Frankenthal*, 582 F.2d 1102, 1108 (7th Cir. 1978). Other courts have even more closely circumscribed judicial testimony by limiting it to situations where extraordinary circumstances are present, such as where a party makes a strong showing that the judge acted in bad faith or with an improper motive. *See, e.g.*, *Cobell v. Norton*, 237 F. Supp. 2d 71, 100 (D.D.C. 2003).

Here, Magistrate Judge Voisinet indicates that he has no independent factual recollection of what Defendant Buddy discussed with him that led him to issue the protective custody order. Further, he claims that the extent of any factual knowledge he did possess is contained within the formal order he issued several days after his discussion with Defendant Buddy, which is readily available to Plaintiffs. Given these assertions, the Court concludes that the presumption against judicial testimony is particularly strong.

Moreover, there has been no suggestion, and consequently no showing, that extraordinary circumstances are present here to warrant an order requiring Magistrate Judge Voisinet to testify. Indeed, after the stay of discovery expires as to Defendant Buddy, she will be available to testify about information she provided to Magistrate Judge Voisinet. Further, to the extent that this issue relates to Plaintiffs' claims for declaratory and injunctive relief, Plaintiffs can depose Defendant Buddy during the pendency of the stay.

Plaintiffs argue that even if Magistrate Judge Voisinet has no independent recollection of the matter, they should be permitted to obtain testimony regarding the type of information he may have considered in making this and other protective custody determinations. First, this type of questioning is not intended to illicit factual testimony, but apparently seeks speculation about the basis for Magistrate Judge Voisinet's ruling based upon an assumption that he uses certain customs or practices in making independent judicial decisions. The Court finds that the value of such testimony is substantially outweighed by the presumption against requiring a judicial officer to testify. Second, the type of information sought by Plaintiffs falls squarely within the category of testimony or information that a party is strictly prohibited from obtaining, as it calls for the judge to reveal his mental processes. *See, e.g.*, *United States v. Morgan*, 313 U.S. 409, 422 (1941) (citing *Fayerweather v. Ritch*, 195 U.S. 276, 306-07 (1904)). While Plaintiffs assert that the prohibition against questioning a judge about his mental processes does not apply when there is no transcript of what the judge may or may not have considered, this assertion is not supported by citation to any relevant caselaw.

Accordingly, the Court agrees that the subpoena for testimony issued to Magistrate Judge Voisinet by Plaintiffs should be quashed.

As to the subpoena *duces tecum* requesting copies of "all documents, memorandum, notes, emails, letters and reports" regarding the custody case at issue, to the extent that the subpoena requests documents that are not a part of the public record case file, the subpoena *duces tecum* is quashed for the reasons set forth above.

Dated: August 14, 2008

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix