IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00747-MSK-KLM

KELLY DALCOUR, and
JURITA AVRIL,

    Plaintiffs,

v.

CITY OF LAKEWOOD,
RON BURNS,
JENNIFER GILLESPIE,
MICHELLE JORDAN,
MARISSA CORDOVA,
JOHN GRIFFITH,
JAMES R. JONES,
KRISTOPHER DEROEHN,
SCOTT WEICHERT,
PATRICIA BUDDY, and
SHANNON MARTINEZ,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **The District Attorney's Motion to Intervene** [Docket No. 63; Filed July 11, 2008] ("Motion to Intervene") and **The District Attorney's Motion to Stay Discovery and Motion for Protective Order** [Docket No. 65; Filed July 11, 2008] ("Motion to Stay"). Plaintiffs did not respond to the Motion to Intervene, but did file a response in opposition to the Motion to Stay [Docket No. 81]. On August 15, 2008, the District Attorney filed a reply and addressed the merits of both Motions [Docket No. 85]. Having considered the pleadings and the docket in this case, the Court is fully advised of the issues.

By way of giving context to the Motions, the Court provides the following background. This lawsuit is a civil rights action stemming from an incident that occurred on September 19, 2006 where, during the course of a welfare check, Defendants allegedly forcibly entered Plaintiffs' home and removed their children. *Complaint* [#1] at 4-6. The incident led to criminal charges being filed against Plaintiffs. The charges against both Plaintiffs were dismissed, but the charges against Plaintiff Avril were later reinstated. Plaintiff Avril's criminal trial was set to commence on August 18, 2008. *Id.* at 7; *Response* [#81] at 2. Pursuant to their civil lawsuit, Plaintiffs seek to obtain discovery from five witnesses for Jefferson County (who are also Defendants here) in Plaintiff Avril's criminal case. *Motion to Intervene* [#63] at 2. Given the close relationship between this civil lawsuit and the criminal proceedings, the Jefferson County District Attorney seeks to intervene for the limited purpose of seeking orders protecting the witnesses from discovery until the completion of the criminal proceedings. *Motion to Stay* [#65] at 2.

IT IS HEREBY **ORDERED** that the Motion to Intervene is **GRANTED**. Pursuant to Fed. R. Civ. P. 24(a)(2), anyone may intervene who "claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Here, there can be no doubt that the Jefferson County District Attorney ("Intervenor") has an interest in protecting the integrity of his criminal prosecution against Plaintiff Avril and that discovery in this civil matter may impair the activities of the criminal proceedings. *See SEC v. Nacchio*, No. 05-cv-00480-MSK-CBS, 2005 WL 1799372, at * 3-6 (D. Colo. July 28, 2005). While the five Jefferson County witnesses are also parties to this case, the Court finds that they do not

share the same interests as the Intervenor with respect to the underlying criminal prosecution.  Further, the Court notes that Plaintiffs have not objected to the Motion to Intervene.

IT IS HEREBY **ORDERED** that the Motion to Stay is **GRANTED**.  The Court preliminarily agrees that a stay may be necessary during the pendency of the criminal proceedings against Plaintiff Avril.  *See id.* (holding that the prosecutor's interest in protecting a tandem criminal investigation from civil discovery demands "are legitimate interests that are entitled to protection").  The Court preliminarily grants the Motion to Stay and stays all discovery as to the five Jefferson County witnesses until the necessity for and/or parameters of a continued stay of discovery can be addressed at a status conference set for **September 11, 2008 at 11:00 a.m.** in Courtroom C-204, Second Floor, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado.  To this end, on or before **September 5, 2008**, the parties are directed to file a joint status report addressing the status of the criminal proceedings against Plaintiff Avril and the parties' proposed (either joint or separate) discovery plan as to the five Jefferson County witnesses.

Anyone seeking entry into the Alfred A. Arraj United States Courthouse or the Byron Rogers United States Courthouse will be required to show <u>valid photo identification.</u>  *See* D.C.COLO.LCivR 83.2B.

Dated:  August 21, 2008

                                        BY THE COURT:

                                        <u>s/ Kristen L. Mix</u>
                                        U.S. Magistrate Judge
                                        Kristen L. Mix