IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00747-MSK-KLM

KELLY DALCOUR, and
JURITA AVRIL,

    Plaintiffs,

v.

CITY OF LAKEWOOD,
RON BURNS,
JENNIFER GILLESPIE,
MARISSA CORDOVA,
JOHN GRIFFITH,
JAMES R. JONES,
KRISTOPHER DEROEHN,
SCOTT WEICHERT, and
PATRICIA BUDDY,

    Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Lakewood Defendants Motion to Compel Plaintiffs to Sign Authorizations for Release of Medical Information, or, in the Alternative to Enforce Subpoenas** [Docket No. 129; Filed march 31, 2009] (the "Motion"). Plaintiffs filed separate responses to the Motion:  Plaintiff Dalcour filed a Response on April 20, 2009 [Docket No. 134]; and Plaintiff Avril filed a Response on April 22, 2009 [Docket No. 135].  Lakewood Defendants filed a single Reply on May 11, 2009 [Docket No. 139]. The Motion has been fully briefed and is ripe for resolution.

As a preliminary matter, in order to expedite resolution of discovery disputes and to

attempt to minimize the costs involved in such disputes in the future,

IT IS HEREBY **ORDERED that no opposed discovery motions shall be filed with the Court until the parties comply with D.C. Colo. L. Civ. R. 7.1(A). If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a conference call with Magistrate Judge Mix to attempt to resolve the issue. Both of these steps must be completed before any future contested discovery motions are filed with the Court. Any discovery motion which is filed without following these prescribed steps <u>will be summarily stricken</u>.**

This case relates to a welfare check and subsequent arrest of Plaintiffs made by Defendants. In June 2006, Plaintiffs were living together as a married couple. *Amended Complaint* [#101] at 2. On July 30, 2006, Plaintiff Dalcour was stabbed by Plaintiff Avril's fourteen-year-old daughter and Plaintiff Avril was also injured in the incident. *Id.* at 3. Because both Plaintiffs were receiving medical attention after the incident, Plaintiff Avril's three-year old son was placed in foster care. By August 1, 2006, both of Plaintiff Avril's children were returned to the home. *Id.* At an August 28, 2006 state court hearing, Defendant Dalcour was ordered not to have contact with Plaintiff Avril's fourteen-year-old daughter and was informed that he could not return home. *Id.* at 3-4. On September 19, 2006, Defendants conducted a welfare check at the home and found Plaintiff Dalcour there in violation of the court's order. *Id.* at 4. Plaintiffs were arrested and the children were removed from the home. *Id.* at 5-7.

The circumstances surrounding the September 19, 2006 incident are the basis for Plaintiffs' claims against Defendants. Specifically, Plaintiffs allege that Defendants used

excessive force, violated their Fourth Amendment right to be free from unreasonable searches and seizures, and violated their Fifth Amendment right to due process. *Id.* at 8-10. Plaintiffs request damages for emotional distress and medical expenses. *Id.* at 14-15. Plaintiffs also request punitive damages. *Id.*

The present discovery dispute involves Plaintiff Dalcour's and Avril's medical records relating to the July 30, 2006 stabbing incident and Plaintiff Avril's medical records relating to a September 19, 2006 welfare check incident. As noted above, both incidents are referenced in Plaintiffs' Amended Complaint. Further, the September 19, 2009 incident was precipitated, in part, by the July 30, 2006 stabbing incident. Lakewood Defendants issued subpoenas to Plaintiffs' medical providers, but without releases, they have refused to produce any of these records directly to Lakewood Defendants [Docket No. 129-2]. *Motion* [#129] at 2. Lakewood Defendants contend that the medical records from both incidents "are factually relevant to the allegations made by Plaintiffs and are reasonably calculated to lead to the discovery of admissible evidence." *Reply* [#139] at 2. They ask the Court to order Plaintiffs to execute releases permitting their medical providers to produce the medical records. The request for medical releases is responsive to Request for Production No. 1 [Docket Nos. 129-3, -4].[1] In the alternative, they ask that the third-party subpoenas issued for these records be enforced [Docket No. 129-10]. Although Plaintiffs' medical providers received copies of the Motion, they did not file responses.

---

[1] Request for Production No. 1 states, in relevant part:

Produce copies of all medical records for all of your medical providers . . . . Additionally, please execute the attached releases to permit the Lakewood Defendants to obtain those records directly from the involved medical and health care providers.

Instead, Plaintiffs separately responded in opposition to the Motion.

Curiously, Plaintiffs do not agree about the relevance and discoverability of the July 30, 2006 medical records. Plaintiff Dalcour does not dispute the relevance of his medical records from the stabbing incident and has already produced the medical records from his physicians which are responsive to Lakewood Defendants' requests. *Dalcour's Response* [#134] at 2. By contrast, Plaintiff Avril argues that the July 30, 2006 medical records are both irrelevant and privileged. *Avril's Response* [#135] at 2-3.

As to the September 19, 2006 medical records, this request is only relevant to Plaintiff Avril. She does not dispute the relevance of these records and "has not objected to the request to sign a release for those records." *Id.* at 3. To date, however, no release has been executed and no responsive medical records have been produced. *Reply* [#139] at 4.

IT IS HEREBY **ORDERED** that the Motion is **GRANTED in part and DENIED in part** as set forth below.

There does not appear to be any dispute about the relevance and discoverability of Plaintiff Avril's medical records related to the September 19, 2006 incident. The only issue that remains is whether to require Plaintiff Avril to execute a full release for these records or to enforce the outstanding subpoenas issued to the medical providers from whom Plaintiff Avril received care close in time to this incident. I find that the most efficient way to proceed is to require Plaintiff Avril to execute full releases for these records, which she has already agreed to do. *See Hughes v. Colo. Dep't of Corrs.*, 07-cv-00354-WYD-KLM, 2008 WL 4293644, at *1 (D. Colo. Sept. 16, 2008) (unpublished decision); *see also Cutting*

*v. United States*, No. 07-cv-02053-REB-MEH, 2008 WL 1775278, at *2 (D. Colo. Apr. 14, 2008) (unpublished decision) (noting that although execution of releases should not be routinely required, it is the most efficient way to secure relevant medical records and is permitted by the Court's broad authority pursuant to Fed. R. Civ. P. 26(b)(1)). Accordingly, if she has not already done so,

IT IS FURTHER **ORDERED** that Plaintiff Avril shall execute a full release for her medical records which pertain to alleged injuries she incurred as a result of the September 19, 2009 incident, including those records maintained by St. Anthony's Hospital dated September 19 and 20, 2006 and those records maintained by Denver Health dated September 19, 2006 or later. Because I direct Plaintiff Avril to provide a release, I decline to enforce the third-party subpoenas.

There also does not appear to be any dispute about the relevance and discoverability of Plaintiff Dalcour's medical records related to the June 30, 2006 stabbing incident. Further, I can identify no pending issue related to these records. Plaintiff Dalcour avers that rather than have these documents produced via the subpoena from his medical provider, he obtained the documents directly and produced them to Lakewood Defendants. Further, "[c]ounsel for Plaintiff, Kelly Dalcour has disclosed every medical record requested by Defendants in this matter . . . [and] has not withheld as privileged, or for any other reason, a single document from the requested medical records." *Response* [#134] at 2. I credit the veracity of this statement made by counsel, as an officer of the Court. Although Lakewood Defendants argue that "[t]here is simply no reason for the Defendants to 'take Mr. Dalcour's word for it,'" I disagree. The threat of Fed. R. Civ. P. 11 sanctions is sufficient reason for the Court. As Plaintiff Dalcour's counsel has certified that he has provided

Lakewood Defendants with every medical record these Defendants have requested in the subpoena issued to his medical provider, the issue is moot.  Therefore, I decline to require Plaintiff Dalcour to execute a full medical release or to enforce the outstanding third-party subpoena.

The remaining dispute involves whether Plaintiff Avril's medical records relating to the June 30, 2006 stabbing incident are relevant to this action or are otherwise privileged. Whether the records are relevant is a broad determination, the goal of which is to allow the parties to discover whatever is necessary to prove or disprove their cases.  *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995); *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 356 (D. Colo. 2004); *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005) ("Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." (citations omitted)).  In addition, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  If the material sought is relevant to the case and may lead to admissible evidence, it should generally be produced.

Here, although Plaintiff Avril does not seek damages for any injuries she may have sustained from the July 30, 2006 stabbing incident, I find that her medical records are necessarily relevant to the issue of whether the alleged injuries she sustained from the September 19, 2006 incident were the sole cause of the ongoing injuries she claims in her Amended Complaint.  Moreover, to the extent that Plaintiff Avril intends to put at issue her treatment by Defendants on this date, see *Amended Complaint* [#101] at 3 ("The victims

of the attack were treated as if they were perpetrators of the incident rather than victims"), statements she may have made to medical providers close in time to the incident may provide relevant information on this issue. Further, I find it likely that discovery of Plaintiff Avril's July 30, 2006 medical records may lead to the discovery of other admissible evidence.

Nevertheless, the medical records may be privileged. In this Court, when federal law governs the rule of decision, federal common law, as opposed to state law, governs the existence of privilege. *See Cutting*, 2008 WL 1775278, at *2. This case was brought pursuant to 42 U.S.C. §§ 1983 & 1988 and, therefore, federal common law governs whether the medical records are privileged. *See, e.g.*, *Everitt v. Brezzel*, 750 F. Supp. 1063, 1066 (D. Colo. 1990); *Hutton v. City of Martinez*, 219 F.R.D. 164, 167 (N.D. Cal. 2003). There is no physician-patient privilege recognized by federal common law. *Walen v. Roe*, 429 U.S. 589, 602 n.28 (1977). This is true even where HIPPA regulations may apply. *Northwestern Mem. Hosp. v. Ashcroft*, 362 F.3d 923, 924-96 (7th Cir. 2004) (citing 42 U.S.C. § 1320d-2). "Accordingly, the court's inquiry regarding the discoverability of plaintiff's general medical records is governed by relevancy standards contained in Fed. R. Civ. P. 26 and considerations of confidentiality." *LeFave v. Symbios, Inc.*, No. 99-Z-1217, 2000 WL 1644154 at *2 (D. Colo. Apr. 14, 2000) (unpublished decision). I have already determined that Plaintiff Avril's July 30, 2006 medical records are relevant. Therefore, the only remaining issue is confidentiality. As a Protective Order is already in place in this case [Docket No. 43], I find that confidentiality concerns are sufficiently minimized. Accordingly,

IT IS FURTHER **ORDERED** that Plaintiff Avril shall execute a full release for her

medical records relating to the July 30, 2006 stabbing.  Because I direct Plaintiff Avril to provide a release, I decline to enforce the third-party subpoena.

IT IS FURTHER **ORDERED** that the releases required by this Order shall be executed no later than **May 20, 2009**.

IT IS FURTHER **ORDERED** that all medical records produced pursuant to this Order shall be deemed confidential and subject to the requirements set forth in the Protective Order.  Each party shall bear their own costs associated with this Motion.

Dated:  May 15, 2009

                                                 BY THE COURT:

                                                 s/ Kristen L. Mix
                                                 Kristen L. Mix
                                                 United States Magistrate Judge