IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00747-MSK-KLM

KELLY DALCOUR, and
JURITA AVRIL,

      Plaintiffs,

v.

CITY OF LAKEWOOD,
RON BURNS,
JENNIFER GILLESPIE,
MARISSA CORDOVA,
JOHN GRIFFITH,
JAMES R. JONES,
KRISTOPHER DEROEHN,
SCOTT WEICHERT, and
PATRICIA BUDDY,

      Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on **Defendant Patricia Buddy's Motion to Amend Scheduling Order** [Docket No. 171; Filed October 15, 2009] (the "Motion").  In the Motion, Defendant Buddy requests permission to amend the scheduling order so that she might file an Answer and a motion for summary judgment.  In a previous Order [Docket No. 174], the Court granted Defendant Buddy's request to amend the scheduling order so that she might file an Answer.  The Court held in abeyance pending further briefing her request to amend the scheduling order so that she might file a motion for summary judgment, and this request is now ripe for resolution.

      The deadline for the parties to file dispositive motions was June 5, 2009.  *See*

Docket No. 133.  The schedule for a case "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(4).  Because the Court finds that good cause exists for modifying the scheduling order as Defendant Buddy requests, it will grant the Motion.

Defendant Buddy filed a Motion to Stay Discovery [Docket No. 32; Filed June 2, 2008] ("Motion No. 32") seeking to stay discovery until the Court resolved her Motion to Dismiss asserting the defense of qualified immunity [Docket No. 109; Filed November 3, 2008].  Motion No. 32 was referred to this Court, and the Court granted it in part [Docket No. 66; Filed July 11, 2008].  As noted by the Court in that Order, courts routinely have held that discovery should be stayed while the issue of immunity is being resolved.  *See generally Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992).  A partial stay of discovery as to the individual capacity claims against Defendant Buddy was appropriate because "qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation."  *Workman*, 958 F.2d at 336 (citing *Siegert v. Gilley*, 500 U.S. 226 (1991)).  Because Defendant Buddy did not seek any change to the dispositive motion deadline, the Court's Order stated only that discovery was stayed and did not address whether the stay also affected Defendant Buddy's deadline for dispositive motions.

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Discovery often is necessary in order for a party to file a

properly supported motion for summary judgment; generally, a schedule for a case will set the deadline for discovery prior to the deadline for dispositive motions.

The Court issued its decision on Defendant Buddy's Motion to Dismiss on September 30, 2009 [Docket No. 165].  Denying the instant Motion and determining that Defendant Buddy lost her ability to file a motion for summary judgment would severely compromise the relief originally granted when the Court granted her Motion to Stay discovery.  It would condition the availability to Defendant Buddy of the option of filing a dispositive motion on the timing of the Court's ruling on her Motion to Dismiss.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**.  The previously ordered stay of discovery is lifted.

IT IS FURTHER **ORDERED** that Defendant Buddy must file any dispositive motion on or before December 11, 2009.  Response and reply times will run according to the Local Rules.

Dated:  November 23, 2009