IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-00747-MSK-KLM

KELLY DALCOUR, and
JURITA AVRIL,

       Plaintiffs,

v.

CITY OF LAKEWOOD,
RON BURNS,
JENNIFER GILLESPIE,
MARISSA CORDOVA,
JOHN GRIFFITH,
JAMES R. JONES,
KRISTOPHER DEROEHN,
SCOTT WEICHERT, and
PATRICIA BUDDY,

       Defendants.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** comes before the Court on Defendant Patricia Buddy's Motion for Summary Judgment **(#191)**, to which the Plaintiffs responded **(#197)**, and Ms. Buddy replied **(#198)**. Having considered the same, the Court **FINDS** and **CONCLUDES** the following.

### I. Jurisdiction

This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### II. Issue Presented

After the Court's September 30, 2010 order granting in part Ms. Buddy's Motion to Dismiss **(#165)**, there is a single claim that remains pending against Ms. Buddy—unreasonable

search and seizure violating the Fourth Amendment.[1]  Ms. Buddy now seeks summary judgment on this claim arguing that (i) qualified immunity protects her from suit; and (ii) the Court's resolution of the unreasonable search and seizure claim against the Police Officer Defendants precludes a claim for unreasonable search and seizure against Ms. Buddy.

### III.  Material Facts[2]

The Court has reviewed all of the parties' submissions.  For purposes of this Motion only, the Court construes all disputed facts most favorably to the Plaintiffs.  Viewing the facts in such light, the material facts are as follows.

In 2006, Mr. Dalcour and Ms. Avril lived in Lakewood, Colorado with Ms. Avril's two children, I.A. (age 14) and C.G. (age 3).  In July 2006, I.A. was involved in an altercation with the Plaintiffs during which she stabbed Mr. Dalcour and injured Ms. Avril.  I.A. was detained in a juvenile detention center.  To secure her release, Ms. Avril agreed that I.A. would not have any contact with Mr. Dalcour.  Additionally, a dependency and neglect action was initiated.  At a hearing on August 1, 2006, at which Ms. Avril, but not Mr. Dalcour, was present, the state court ordered that I.A. and Mr. Dalcour have no contact with each other.  Protective supervision was granted to Jefferson County Division of Children, Youth and Families.

---

[1] Ms. Buddy argues that the Order also implicitly dismissed any unconstitutional seizure claim against Ms. Buddy because it did not expressly acknowledge that the claim remained pending.  Such reasoning, however, is premised upon a misconception.  The Order granted the Motion to Dismiss, in part, expressly resolving only certain claims.  The unconstitutional seizure claim was not one of the claims that was dismissed or determined to be barred by qualified immunity in that Order, therefore it remains pending.

[2] The Court understands Ms. Buddy to rely upon the evidence presented in conjunction with Police Officers Defendants' Motion for Summary Judgment **(#189)**.  Accordingly, the evidentiary record in relation to that Motion is considered as if submitted in the context of the current Motion.

Ms. Buddy was the caseworker assigned to I.A. and C.G.'s dependency and neglect case. At some point Ms. Buddy believed that the no contact order was being violated. On September 19, 2006, she requested that the Lakewood Police Department perform a welfare check at the Plaintiffs' residence. Ms. Buddy advised Officer Gillespie that a court order prohibited Mr. Dalcour from being in the residence, and that if he was present the children would be removed from the home.[3]

Officer Gillespie went to the Plaintiffs' residence to perform a welfare check. Other officers were also called to the scene. Upon arrival at the home, the officers requested entry, but Ms. Avril refused. From outside on the porch, the officers were able to confirm that both Mr. Dalcour and the minor children were present in the residence. Accordingly, the officers entered the home without a warrant. They detained Mr. Dalcour, handcuffing him to a bed in the living room for approximately twenty minutes.

Ms. Avril fled to a back bedroom where she locked herself with the two children. Officers entered the bedroom and forcibly restrained and moved Ms. Avril. During the course of her restraint, she was tased. Once subdued, Ms. Avril was placed in a police vehicle outside.[4]

Subsequently, Ms. Buddy arrived on scene and took custody of the children for the State of Colorado.

As a result of these events the Plaintiffs brought this suit pursuant to 42 U.S.C. § 1983

---

[3] As discussed *infra*, there is a genuine dispute between the parties as to the extent of and exact content of the statements that Ms. Buddy made to Officer Gillespie.

[4] After a jury trial on criminal charges, Ms. Avril was convicted of obstructing a police officer and resisting arrest.

against Ms. Buddy and the police officers involved (the "Police Officer Defendants") alleging various violations of Ms. Avril's and Mr. Dalcour's constitutional rights. In September 2009, with regard to Ms. Buddy's Motion to Dismiss **(#109)** the Court dismissed a number of claims against her, but found that there were sufficient allegations for the unreasonable search and seizure claim **(#165)**.[5] In December 2009, with regard to the Police Officer Defendants' Motion for Summary Judgment **(#147)**, the Court found that a trial was necessary on the Plaintiffs' claims for unreasonable seizure and use of excessive force **(#189)**.

## IV.   Standard of Review

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of

---

[5] The Amended Complaint stated that (i) apart from a condition of I.A.'s bond, there were no court orders prohibiting contact between Mr. Dalcour and the minor children; and (ii) Ms. Buddy falsely told Officer Gillespie that a no contact order existed and that the order authorized police to immediately remove the children from the home if the parties were found to be in violation of the order. Taking these allegations as true at that early stage of the proceedings, the Court found that the Plaintiffs had adequately alleged that Ms. Buddy violated their Fourth Amendment rights by setting in motion a chain of events that eventually lead to the search (and ultimate seizures).

and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

When the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(e). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

When the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, the claim or defense must be dismissed as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## V. Analysis

As noted *supra*, Ms. Buddy moves for summary judgment as to the unreasonable search

5

and seizure claim arguing that (i) she is protected from liability by the doctrine of qualified immunity; and (ii) the Court's resolution in favor of the Police Officer Defendants of the unreasonable search and seizure claim against them forecloses any similar claim against Ms. Buddy. The Court treats Ms. Buddy's second argument as contesting the sufficiency of the Plaintiffs' evidence within the context of the qualified immunity analysis.

The defense of qualified immunity protects government officials from liability for civil damages and the obligation to defend the action if their conduct did not violate clearly established constitutional or statutory rights that would have been known by a reasonable government official. *See Johnson v. Fankell*, 520 U.S. 911, 914 (1997); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *McFall v. Bednar*, 407 F.3d 1081, 1087 (10th Cir. 2005). When a defendant raises a qualified immunity defense, the burden shifts to a plaintiff to satisfy a two-part test: (i) that he or she had a constitutional right that was infringed (the "violation prong"); and (ii) that such right was clearly established at the time of the alleged infringement (the "clearly established prong"). *See Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Green v. Post*, 574 F.3d 1294, 1300 (10th Cir. 2009).

To meet their burden the Plaintiffs must furnish evidence establishing that (i) they were subjected to a constitutional violation; and (ii) Ms. Buddy's actions caused such violation. *See, e.g.*, *Poolaw v. Marcantel*, 565 F.3d 721, 732–33 (10th Cir. 2009); *Bliss v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006). A person can cause a constitutional violation if he or she knowingly, or with reckless disregard for the truth, provides false statements to law enforcement and the police rely upon the statement in taking unconstitutional action. *See Clanton v. Cooper*, 129 F.3d 1147, 1154, 1157 (10th Cir. 1997) (an officer providing false information to another

6

law enforcement agency); *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978) (a false statement in a warrant affidavit).

Here, the Court need not consider the second element, because the Plaintiffs have not come forward with sufficient evidence to establish the first—an unconstitutional search or seizure. In its previous Order **(#189)** determining the Police Officer Defendants' Motion for Summary Judgment, the Court ruled that the evidence was sufficient to justify a warrantless entry into the Plaintiffs' residence. As noted *supra*, in addition to the evidence submitted with the instant motion, the Court also considers the evidence submitted in conjunction with the Police Officer Defendants' motion. The Plaintiffs submitted no new evidence with regard to the search. On this record, the Court adopts its prior findings and reasoning regarding exigent circumstances.

The Court previously found based upon the undisputed evidence (and where there was a dispute, construed it most favorably to the Plaintiffs), that the officers were present at the Plaintiffs' residence to perform a welfare check, were aware of the previous violent incident between Mr. Dalcour and I.A., reasonably believed that there was a no contact order prohibiting contact between Mr. Dalcour and I.A., knew that both Mr. Dalcour and the minor children were in the residence, and were refused entry. These facts constituted exigent circumstances justifying the officers' warrantless entry into the home.[6]

The Plaintiffs claim for unconstitutional search against Ms. Buddy is arguably an independent claim, but the same finding results. It remains undisputed that Ms. Buddy told

---

[6] *See Illinois v. McArthur*, 531 U.S. 326, 330 (2001)*; United States v. McCullough*, 457 F.3d 1150, 1163 (10th Cir. 2006).

Officer Gillespie that there was a court order prohibiting contact between Mr. Dalcour and the minor children and that she requested a welfare check to confirm that the order was being followed, and that these statements were true. This information, together with the observations made by the officers on the scene, constituted exigent circumstances justifying the warrantless search.[7] Because the search was reasonable, Ms. Buddy is entitled to qualified immunity on this claim.

The Plaintiffs also assert that their respective restraints and detentions were unconstitutional seizures. In its Order on the Police Officers' Motion for Summary Judgment, the Court determined that the Plaintiffs presented sufficient, competent evidence for a *prima facie* case against the Police Officer Defendants; therefore, for purposes of this Motion it deems there to be a sufficient showing of unconstitutional seizures **(#189)**. Thus, the question becomes whether Ms. Buddy was responsible for the seizures.

Ms. Buddy's actions prior to any seizure are limited to the statements she made to Officer Gillespie. Regardless of their truth or falsity, there is no evidence suggesting that such statements were a factor in, much less relied upon by, the officers in their seizure of Ms. Avril or Mr. Dalcour.[8] Accordingly, Ms. Buddy is also entitled to qualified immunity on these claims.

---

[7] There is a dispute as to what Ms. Buddy told Officer Gillespie regarding the specifics of the no-contact order. The Plaintiffs contend that Ms. Buddy told Officer Gillespie that the no contact order authorized the police to remove the children if Mr. Dalcour was present. Ms. Buddy contends that she only stated that there was a no contact order, and that if it was violated she would obtain judicial authorization to remove the children. Whether the children could be removed or not did not factor into the police officers' decision to enter the residence. Indeed, the police officers did not remove the children; Ms. Buddy did. Therefore, this dispute does not change the Court's finding that the warrantless search was constitutional.

[8] The Police Officer Defendants' statements that they restrained Mr. Dalcour for officer safety reasons are unrebutted.

**IT IS THEREFORE ORDERED** that

(1) Defendant Patricia Buddy's Motion for Summary Judgment **(#191)** is **GRANTED**.

(2) The Plaintiffs' remaining claims against Ms. Buddy are **BARRED BY QUALIFIED IMMUNITY**.

(3) Defendant Buddy's Motion in Limine **(#208)** is **DENIED AS MOOT**.

Dated this 7th day of June, 2010

                                             **BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
United States District Judge